### H. FITCH v. DUNN, Marshal, &c.

If goods, seized by the marshal of an incorporated town by virtue of a legal precept, be unlawfully taken out of his possession, he can support an action of replevin for them against the wrong-doer.

The defendant in replevin pleaded three pleas in bar: a replication to one of them was demurred to, and the demurrer overruled. *Held*, that, whilst the other pleas were undisposed of, the plaintiff could not have final judgment.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was an action of replevin by *Dunn*, marshal of the town of *Lawrenceburgh*, against *Fitch*, for taking an ox-cart, &c. The defendant pleaded three pleas in bar:—1st, the general issue of *non cepit*; 2dly, property in himself and *C. Fitch*; 3dly, that the plaintiff was not marshal, &c.

To the 2d plea, the plaintiff replied specially as follows: that the president, &c. of *Lawrenceburgh*, having authority, &c. caused to be issued a duplicate of an assessment of the lots, &c. together with the amount of taxes assessed, &c.; and also caused to be issued a warrant, &c. directed to the plaintiff as marshal of the town, commanding him to collect the taxes, &c.; that, on, &c. the plaintiff was marshal of the town, &c.; that the defendant and *C. Fitch* stood charged, &c.; and that the plaintiff, by virtue of the duplicate, &c. took the cart to satisfy the taxes, &c. A general demurrer was filed to this replication. The Circuit Court overruled the demurrer, and rendered a final judgment against the defendant for nominal damages and the costs of suit.

The plaintiff in error has not pointed out any particular objection to the replication demurred to. It appears to us to be good. The marshal in this case, like a sheriff who has taken goods on execution, has a sufficient property to maintain the action of replevin. But the overruling of the demurrer to this replication to the second plea, did not settle the case against the defendant. It only disposed of the second plea. There were two other pleas in bar filed by the defendant. It was necessary that they also should be disposed of, before the plaintiff could have final judgment. The final judgment, in this case, is therefore erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. J. Caswell*, for the plaintiff.

*G. H. Dunn*, for the defendant.